# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ENRIQUE ALVIZO GONZALES**,

    Plaintiff,

v.                                                              No. CIV - 01-1023 DJS/RLP

**THE CITY OF ALBUQUERQUE; and
The BERNALILLO COUNTY DETENTION CENTER;
And, CITY OF ALBUQUERQUE POLICE OFFICER
A.C. RODRIGUEZ, in his individual capacity;
And, CITY OF ALBUQUERQUE POLICE OFFICER
G. ERICKSEN, in his individual capacity;
And, CITY OF ALBUQUERQUE POLICE OFFICER
DEVONA ROBERTS, in her individual and official capacity; and,
DIRECTOR OF THE BERNALILLO COUNTY DETENTION
CENTER JOHN DANTIS, in his individual and official capacity.**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Bernalillo County Detention Center (BCDC), and the City of Albuquerque Police Department ("APD") Motions for Summary Judgment filed May 30, 2002 and May 31, 2002 respectively, and Defendants' Joint Motion to Dismiss filed May 28, 2002. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motions for Summary Judgement are well taken and will be granted.

## LEGAL STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Adler v. Walmart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). An issue of fact is genuine if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson,* 477 U.S. at 248).

When applying this standard, the factual record and reasonable inferences therefrom are examined in the light most favorable to the party opposing summary judgment. *Applied Genetics Int'l, Inc. v. First Affiliated Secur, Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990). The party moving for summary judgment bears the burden of showing that is, to point out to the district court--that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S., 317, 325 (1986). When the moving party makes this showing, it shifts the burden to the non-movant to come forward with evidence that there is a genuine issue of material fact. *Bacchus Indus Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of the pleadings. *Id.* "The non-moving party must, at a minimum, direct the court to facts which establish a genuine issue for trial." *White v. York Intl. Corp.,* 45 F.3d 357, 360 (10th Cir. 1995). Those facts must be specific and be supported by reference to specific exhibits in the record. *Mitchell v. City of Moore,* 218 F.3d 1190, 1199 (10th Cir. 2000).

Conclusory and self serving statements are ineffective for summary judgment purposes. "Under Fed.R.Civ.P. 5 (e), only statements 'made on personal knowledge' will support a motion for summary judgment; statements of mere belief must be disregarded." *Tavery v. United States,*

2

32 F.3d 1423, 1426 n.4 (10th Cir. 1994). Conclusory and self serving statements are similarly disregarded. *Murray v. City of Sapulpa,* 45 F.3d 1417, 1422 (10th Cir. 1995).

**FACTS**

These facts are undisputed or not specifically controverted and thus admitted by the Plaintiff. D.N.M.LR-Civ. 56.1(b). On August 4, 1999, Officer Rodriguez of APD was contacted by the APD Identification Unit which informed him that Plaintiff had an outstanding felony warrant. Officer Rodriguez was faxed a copy of the warrant with the name "Enrique Gonzales." Plaintiff's name is "Enrique Alvizo Gonzales," but has signed documents in the past with the name "Enrique Gonzales." Officer Rodriguez went to Plaintiff's residence with several other officers to arrest him. Unbeknownst to Officer Rodriguez, Plaintiff was not the person identified in the warrant. While the Plaintiff was arrested and taken to BCDC he never told Officer Rodriguez that he was not the person identified in the warrant.

Officer Ericksen who was present during the arrest never spoke to, handcuffed, touched, arrested or transported the Plaintiff. He was present at the arrest as a "cover officer." Officer Roberts was the acting sergeant when Plaintiff was arrested, but was not present during the arrest and has never seen nor had any contact with Plaintiff.

After the arrest APD officers booked Plaintiff into BCDC on August 4, 1999. When Plaintiff arrived at BCDC he noticed a paper concerning his arrest and noticed that it did not have his social security number on it. Plaintiff notified a woman who worked for BCDC but she informed him to "wait for the judge." Over the next seven days while Plaintiff was incarcerated at BCDC he never mentioned to any BCDC employee that the police had arrested the wrong person. On August 12, 1999 Plaintiff was ordered released from BCDC by a court order. BCDC released

3

Plaintiff on August 13, 1999, after receiving the order.

Plaintiff has been arrested in the past for concealing his identity and there are documents from BCDC, Metropolitan Court, and from Plaintiff's former attorney bearing the name and/or signature of "Enrique Gonzales."

## 1.PLAINTIFF'S FAILURE TO RESPOND

Plaintiff failed to respond to Defendants' motions for summary judgment which constitutes a waiver of any objection he may have to Defendants' motions. D.N.M.LR-Civ. 7.6. Further, pursuant to Local Rule 56, Plaintiff's failure to controvert Defendants' proposed statements of material facts, deems those facts admitted. D.N.M.LR-Civ. 56.1(b). Thus, the Court has the discretion to dismiss Plaintiff's claims pursuant to the local rules. Nevertheless, the Court will address the merits of Defendants' motions.

## 2. ALBUQUERQUE POLICE DEPARTMENT

### A. Individual Defendants are entitled to Qualified Immunity.

Qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity serves to terminate insubstantial lawsuits quickly; however, when government officials abuse their positions, an action for damages may be the only realistic means of enforcing constitutional guarantees. *Id.* Once the defendant has properly raised the defense of qualified immunity in a summary judgment motion, the Tenth Circuit applies a two-part framework. *Garramone v. Romo,* 94 F.3d 1446, 1449 (10th Cir. 1996). First, the plaintiff must show the defendant's conduct violated a constitutional or statutory

right; second, the plaintiff must show the right the defendant's conduct violated was clearly established such that a reasonable person in the defendant's position would have known the conduct violated the right. *Id.*; *Harlow* 457 U.S. at 818-19. Unless the plaintiff makes such a showing the defendant prevails. *Id.* Once the plaintiff clears this hurdle, "the defendant assumes the normal summary judgment burden of establishing that no material facts that would defeat his claim for qualified immunity remain in dispute." *Woodward v. City of Worland,* 977 F.2d 1392, 1396-97 (10th Cir. 1992), *cert. denied,* 509 U.S. 923 (1993).

For a right to be "clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). The "clearly established" inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz,* 533 U.S. 194, 199 (2001).

In Counts I and II and IV of the Complaint, the Plaintiff alleges that Defendants Rodriguez, Ericksen, and Roberts are liable for Plaintiff's seizure, arrest and imprisonment. Under 42 U.S.C. § 1983 individual liability must be based on personal involvement in the alleged constitutional violation. *Grimsley v. MacKay,* 93 F.3d 676, 679 (10th Cir. 1996). Defendants Ericksen and Roberts were not involved in the probable cause determination for Plaintiff's arrest. Defendant Roberts was not on the scene when Plaintiff was arrested. Defendant Ericksen was on the scene, but did not speak to, handcuff, arrest, touch or transport Plaintiff. Plaintiff admitted that he has never had any contact with either Defendant Roberts or Defendant Ericksen. Accordingly, Plaintiff's claims against Defendants Ericksen and Roberts are not actionable.

Probable cause exists, when under the totality of the circumstances, an officer reasonably

believes that an offense has been or is being committed by the suspect. *United States v. Allen,* 235 F.3d 482, 488 (10th Cir. 2000). See also *Beck v. Ohio,* 379 U.S. 89, 91 (1964). Officer Rodriguez was given a copy of the warrant with the name "Enrique Gonzales" that he believed was the Plaintiff. Officer Rodriguez had arrested Plaintiff on other matters three days prior, which Plaintiff admits was a legal arrest. The warrant had contained the name that Plaintiff had used in the past, and had fingerprint identification that indicated it matched the Plaintiff. Plaintiff never told Officer Rodriguez that he was not the person in the warrant. Therefore under the "totality of the circumstances" Officer Rodriguez had probable cause to arrest Plaintiff.

Unless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity. *Baker v. McCollan,* 443 U.S. 137, 145-146 (1979). In *Baker*, police arrested and detained a man for three days on a warrant intended for his brother. The Supreme Court held that he was not deprived of his constitutional rights; the warrant conformed to the requirements of the Fourth Amendment and was supported by probable cause. An arrest based on probable cause does not violate the Fourth Amendment, even if the wrong person is arrested. *Graham v. Connor,* 490 U.S. 386, 396 (1989). The warrant that Officer Rodriguez received was facially valid, thus he had no constitutional duty to go beyond the warrant itself and conduct an independent investigation. "The Constitution does not guarantee that only the guilty will be arrested. If it did, 42 U.S.C. § 1983 would provide a cause of action for every defendant acquitted, indeed for every suspect released." *Baker v. McCollan,* 443 U.S. at 145.

**B. All Defendants are immune to suit pursuant to New Mexico Tort Claims Act.**

In Count's II and V Plaintiff alleges state tort claims. To prove a claim of false imprisonment Plaintiff is required to show that APD intentionally confined or restrained him

6

without his consent and that APD knew they had no lawful authority to do so. *Scull v. New Mexico,* 236 F.3d 588, 599 (10th Cir. 2000), *See Diaz v. Lockheed Electronics,* 95 N.M.28, 618 P.2d 372, 376 (Ct.App.1980). Plaintiff cannot in this case satisfy the second element. It is undisputed that APD officers arrested the Plaintiff with the lawful authority to do so and in good faith. *Perea v. Stout,* 94 N.M. 595, 613 P.2d 1034 (Ct.App. 1980).

Plaintiff's claim of defamation against Officer Rodriguez is not actionable. There has been no waiver of immunity for defamation under the New Mexico Tort Claims Act. Under the specific provision which applies to Officer Rodriguez, N.M. Stat. § 41-4-12 there is no mention of the tort of defamation nor is defamation mentioned anywhere in the New Mexico Tort Claims Act. In addition, there are no facts to controvert that Rodriguez acted in good faith and did not make any false statements in his report. *Melton v. City of Oklahoma City,* 928 F.2d 920, 929 (10th Cir. 1991). It is undisputed that Plaintiff has used and been identified with the name on the warrant in the past.

**C. Plaintiff cannot prevail under municipal liability and respondeat superior theories.**

In Counts II, III, IV and V Plaintiff alleges supervisory and municipal liability claims. "A local government may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by its employees or agents. Instead it is when execution of a governmental policy or custom, whether made by it's lawmakers or by those whose edicts or acts may be said to fairly represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978). Also, there must be a direct casual link between the policy or custom and the injury alleged. *City of Canton v. Harris,* 489 U.S. 378,

7

385 (1989). When the asserted policy consists of the failure to act, the plaintiff must demonstrate that the municipality's inaction was the result of deliberate indifference to the rights of its inhabitants. *Id.* at 389. Plaintiff would have to show that an employee of APD violated his constitutional rights. *Thompson v. City of Lawrence,* 58 F.3d 1511, 1517 (10th Cir. 1995). Plaintiff has failed to demonstrate that he was deprived of any of his constitutional rights. Moreover, there is no evidence that a specific policy, written or otherwise, was the moving force behind a constitutional deprivation.

### 3. BERNALILLO COUNTY DETENTION CENTER

In Count II Plaintiff contends he was falsely imprisoned by the BCDC Defendants. Plaintiff asserts in count III that BCDC is liable under a theory of municipal liability, and in count VI for the negligent operation or maintenance of a public building. In Count IV, Plaintiff alleges a supervisory claim against Defendant Dantis.

**A. BCDC is not liable or false imprisonment.**

On August 4, 1999 when APD officers brought Plaintiff to BCDC, the officers submitted a Bench Warrant signed by State District Judge James F. Blackmer for Enrique Gonzales. On August 12, 1999 BCDC received an order to release the Plaintiff and BCDC did so. BCDC had no authority to release the Plaintiff until it received a court order. *Scull v. New Mexico* 236 F.3d 588, 597 (10th Cir. 2000). BCDC is not required by either the Constitution or statute to investigate independently whether Plaintiff should have been released or not. *Id.* at 598. The United States Supreme Court has held that "the officials charged with maintaining custody of the accused named in the warrant are not required to perform an error-free investigation of such claim." *Baker v. McCollan,* 443 U.S. 137, 145 (1979). Therefore BCDC had no duty under

8

either federal or New Mexico law to conduct an investigation into Plaintiff's claims that he had been wrongfully arrested. BCDC could have only released Plaintiff pursuant to a valid court order.

**B. Plaintiff cannot prevail under theory of municipal liability.**

As previously discussed, to establish municipal liability, a plaintiff must show: (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). If the plaintiff asserts the alleged custom or policy comprised a failure to act, he or she must demonstrate the municipality's inaction resulted from "deliberate indifference to the rights" of the plaintiff. *Id.* at 389. Ordinarily, "proof of a single incident of unconstitutional activity is not sufficient to impose municipal liability." *Butler v. City of Norman,* 992 F.2d 1053, 1055 (10th Cir. 1993).

Where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued. *Pembaur v. City of Cincinnati,* 475, U.S. 469, 483-85 (1986). Plaintiff claims that it was the lack of policy that caused him harm. It is undisputed that BCDC was complying with their duty under New Mexico law. NMSA 1978 § 33-3-12(A), (B) (1998). New Mexico law requires a jailer to hold a person arrested subject to lawful warrant until the court issues an order of release. Therefore Plaintiff cannot prevail under this theory.

**C. Plaintiff cannot prevail on his state tort claims.**

Plaintiff claims that negligence on the part of BCDC contributed to his injuries. The negligence

9

alleged includes overcrowding, supervision, training, failing to transport, or responding to Plaintiff's complaints. Plaintiff has filed this claim under the New Mexico Tort Claim Act. Under the New Mexico Tort Claims Act, "a governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived." N.M. Stat. § 41-4-4(A) See *Scull v. New Mexico* 236 F.3d 588, 597 (10th Cir. 2000). Plaintiff contends that his injuries were caused by the negligence of public employees acting within the scope of their duties in the operation and maintenance of BCDC. Supervision, training and overcrowding cannot be a tort claim for negligent operation or maintenance of a building. *Wittkowski v. State Corrections Dept.,* 103 N.M. 526, 529 (1985). "As the injuries did not occur due to a physical defect in the building, the provision is not applicable, and the corrections department is not a proper defendant." *Id.* Plaintiff's claims do not address the operation or maintenance of a public building or how they relate to his injuries.. Immunity has not been waived. Therefore Plaintiff has no cause of action.

### D. Defendant Dantis

In Count IV Plaintiff alleges that Defendant Dantis, the director of BCDC is personally liable. Under 42 U.S.C. § 1983 individual liability must be based on personal involvement in the alleged constitutional violation. *Grimsley v. MacKay,* 93 F.3d 676, 679 (10th Cir. 1996). Also liability under 42 U.S.C. § 1983 cannot be based on a theory of respondeat superior. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). Dantis may only be held liable as a supervisor if he personally directed the alleged conduct or knew about the conduct and acquiesced. *Woodward v. City of Worland,* 977 F.2d 1392, 1400 (10th Cir. 1992). It is undisputed that Defendant Dantis was not personally involved in this matter.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Motions for Summary Judgment are granted and Plaintiff's Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Dismiss and for Sanctions is denied as moot.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**